## MILLER v. WINCHELL, appellant.

*Vendor and vendee — purchase subject to incumbrances — rights of purchaser as to agreement made by vendor with holder of incumbrances.*

The plaintiff purchased of P. two lots, on which there were three mortgages, two held by a bank, amounting to $300, and another, for $797, held by the defendant. The plaintiff received a warranty deed of the lots, subject to the mortgage of $797. The defendant, upon taking the mortgage, advanced to P. only $497 upon it, agreeing to take up and cancel the bank mortgages to make up the balance. The plaintiff paid the interest upon all the mortgages for two years. *Held,* that he could not maintain an action brought to compel the defendant to satisfy the bank mortgages, or to indorse the amount of them on his own mortgage, nor could he recover back the interest he had paid on the bank mortgages; that although P. might have a right to call upon the defendant to perform his agreement to discharge the bank mortgages, or, in case of his refusal, to recover the full amount in damages, that right did not pass to the plaintiff under the covenant of warranty in his deed.

APPEAL from a judgment entered upon the report of a referee in favor of plaintiff. The action was brought by Rutger B. Miller, against Havilla Winchell, to compel defendant, who held a mort-

gage on real estate purchased by plaintiff of one Parr, to indorse upon such mortgage the amount of other mortgages held by another party, or to satisfy such last-named mortgages. Parr conveyed the premises by warranty deed to plaintiff, subject to a mortgage of $797, held by defendant. There were also two other mortgages, amounting to $300, on the premises, held by a bank. Plaintiff in the complaint alleged that at the time the mortgage was given by Parr to defendant, defendant advanced only $497, and agreed to take up and cancel the bank mortgages. This agreement was denied by defendant, who alleged that he advanced the whole amount. The referee found the agreement as claimed by plaintiff, and ordered judgment for the plaintiff, and among other things, that the defendant's mortgage stand as security for $497, and as given for that sum and no more.

*Joseph Benedict*, for appellant.

*Rutger B. Miller, Jr.*, respondent in person.

MORGAN, J.

The point upon which the judgment was reversed is stated in the head-note, and it is believed unnecessary to publish the opinion in full.

*Judgment reversed and new trial granted.*